**Tommaso GUERRINI, Petitioner–Appellant,**

v.

**Eric HOLDER, Attorney General of the United States, Respondent–Appellee.**

No. 06–55703.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2011.*

Filed May 5, 2011.

David Robert Denis, Esquire, The Law Offices of David R. Denis, P.C., Los Angeles, CA, for Petitioner–Appellant.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Drew Brinkman, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Robert I. Lester, Assistant U.S., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Tommaso Guerrini, a native and citizen of Italy, appeals the district court's order denying and dismissing his 28 U.S.C. § 2241 habeas petition. Because the petition is moot, we dismiss.

Guerrini was released from detention on January 5, 2007. "For a habeas petition to continue to present a live controversy after the petitioner's release ... there must be some remaining collateral consequence that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir.2007) (internal quotation marks omitted).

Guerrini has not shown he suffered any legally cognizable collateral consequences from his detention. *See id. See also Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Moreover, we recently clarified in *Singh v. Holder*, 638 F.3d 1196, 1208–09 (9th Cir.2011), that post-hoc memorandum dispositions are inadequate and that audio recordings would satisfy due process. Thus, Guerrini cannot show that he has a reasonable expectation that he would be denied a recorded

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bond hearing in the future. *See also Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). Finally, Guerrini never represented, and does not currently represent, a certified class of similarly-situated aliens. *See Franks v. Bowman Transp. Co.*, 424 U.S. 747, 753–55, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).

Guerrini's current detention is the result of his intervening unlawful reentry attempt in 2009 and his current status as an "arriving alien" ineligible for bond under 8 C.F.R. § 235.3(b)(2)(ii). Thus, his current detention has no bearing on his habeas petition.

**DISMISSED.**